# Shaver, Trustee, *v.* Mowry et al., Appellants.

*Bankruptcy—Fraudulent conveyances—Avoidance by trustee in
bankruptcy—Date of commission of fraud.*

1. A trustee in bankruptcy may recover in ejectment land paid
for by the bankrupt the title to which was taken in the names of the
bankrupt and his wife as tenants by entireties, without proof of
actual fraud, and the fact that subsequent creditors may be bene-
fited by the recovery because entitled to participate in the distri-
bution of the whole estate in no way affects the right of the trustee
to maintain the action.

2. In determining whether payments, made by a husband under
an installment contract for the purchase of land to which title was
taken in the names of the husband and wife as tenants by entireties,
were constructively fraudulent as to his creditors, the jury may
consider the disproportion between his assets and debts on the date
of the final payment and need not confine their investigation as of
the date of the contract or the date of the taking of title, especially
where it appears that the final payment comprised a large part of
the purchase-money.

3. A wife taking title to real estate bought with the husband's
money at a time when he was heavily indebted, has, in a contest
by her husband's creditors seeking to avoid the conveyance as
fraudulent, the burden of showing that the husband's debts were
not out of proportion to his assets at the time of the conveyance.

Argued June 3, 1918. Appeal, No. 289, Jan. T., 1918,
by defendants, from judgment of C. P. Bedford Co.,

382    SHAVER v. MOWRY et al., Appellants.

Jan. T., 1917, No. 389, on verdict for plaintiff, in case of
Clarence L. Shaver, Trustee in Bankruptcy of George
Sewell Mowry v. Lena M. Mowry and G. S. Mowry (also
written George Sewell Mowry). Before BROWN, C. J.,
MOSCHZISKER, FRAZER, WALLING, SIMPSON and FOX, JJ.
Affirmed.

Ejectment for lands in Bedford County.

The facts appear in the following opinions of BAILEY,
P. J., on defendant's motion for judgment n. o. v.

The facts upon which this contest arises are briefly
these: On or about the 10th of December, 1910, Robert
Allison and his wife entered into an agreement with
George Sewell Mowry and Lena M. Mowry, his wife,
to sell the real estate, the title to which is in dispute
here, being a certain tract of land located in West St.
Clair Township, Bedford County, Pennsylvania, con-
taining 82 acres and 65 perches. The purchase price
agreed upon was $4,620.00. The installments of the
purchase-money paid, not quite equalling the purchase-
money agreed upon, were as follows: $500.00 on the
10th day of December, 1910, the date of the signing
of the agreement; $2,000.00 on the 23d of May, 1911,
and $2,000.00 on the 21st of June, 1913. It was con-
ceded by the defendant, at the trial of this case, that
this purchase-money was from funds of the husband,
George Sewell Mowry. On the 21st of November, 1912,
the said grantors, made, executed and delivered to Lena
M. Mowry and George Sewell Mowry a deed to this real
estate, thus vesting the legal title in them by entireties.

On the 25th day of February, 1914, George Sewell
Mowry, the husband, was adjudicated a bankrupt in
the District Court of the United States for the West-
ern District of Pennsylvania, and on the 24th of March,
1914, the plaintiff in this action, Clarence L. Shaver,
was appointed his trustee in bankruptcy. The trustee,
on behalf of the creditors existing at the time of the
transfer of this real estate, instituted this proceeding

upon the theory that if actual fraud was not present the transfer was void from legal fraud and the title and right to possession was in George Sewell Mowry in severalty by reason of the disproportion between his assets and his debts.

This action was initiated by bill in equity filed by Clarence L. Shaver, trustee, praying for the reformation of a certain deed made by Robert Allison and wife to George Sewell Mowry and Lena M. Mowry, alleging that the title had been taken in George Sewell Mowry and Lena M. Mowry by entireties in fraud of the creditors of the said George Sewell Mowry. The bill also contained a prayer for general relief. The defendant, Lena M. Mowry, in her answer averred that the plaintiff had an adequate remedy at law. The plain purpose of this bill in equity was the recovery of the title in George Sewell Mowry, and the right of possession by the trustee of the real estate therein described. Entertaining that view of the bill we certified the case to the law side of the court as an action of ejectment under the Act of June 7, 1907, P. L. 440. Upon the trial of this action the jury rendered a verdict for the plaintiff. The defendant having submitted a point for binding instructions, which we refused, filed her motion for judgment for the defendant non obstante veredicto, under the Act of April 22, 1905, P. L. 286.

The defendant upon her motion for judgment non obstante veredicto, raises two questions; first, that the trustee in bankruptcy has no standing to maintain this action of ejectment for the benefit of those creditors existing at the time the alleged fraudulent conveyance was made, since, under the bankruptcy acts a pro rata distribution must be made to all the general or unsecured creditors whether they were existing at the time of the transfer or subsequent thereto, and, second, that the trustee cannot maintain this action because the real estate, the title to which is in dispute, never stood in

the name of the bankrupt, and, therefore, under section 70, sub-section A-4 of the Bankruptcy Act of July 1, 1898, the title was not vested in the trustee.

The first position needs no discussion other than to say that the trustee in bankruptcy is a trustee for all creditors and the questions of the classification of creditors and of distribution are entirely for the Federal Courts and with which we have no concern in this action and which in no way can affect the right of the trustee to maintain this suit. The second position overlooks sub-section 5-A of section 70 of the Act of 1898, under which section the trustee is vested with the title of the bankrupt in any property "which might have been levied upon and sold under judicial process against him." If any of his creditors could have levied upon and sold his interest in the land in dispute, the title, thus capable of being levied upon, was vested in the trustee by virtue of the adjudication in bankruptcy.

As it was practically conceded in this case, on the part of the defendant, that the money used in the purchase of the real estate in dispute was the money of the husband, George Sewell Mowry, surely the title so acquired, in a contention between the wife and then existing creditors of the husband, would be deemed to be in the husband, if insolvent, and if in the husband, the trustee in bankruptcy had this title and the right to possession.

In addition to this, the defendant, when the bill in equity was filed in this case, asserted in her answer that the plaintiff had an adequate remedy at law and it was then argued by counsel for the defendant that that remedy was by an action in ejectment on the law side of the court. We agreed with this contention and certified the case as an action in ejectment, by decree dated the 11th day of November, 1916, under the Act of June 7, 1907, P. L. 440. The defendant, therefore, cannot now be heard to successfully contend that the plaintiff has no standing to maintain this action of ejectment if the

facts averred in the bill were established by competent and admissible evidence.

The court below rendered the following opinion on defendant's motion for a new trial:

We propose to discuss only two questions upon this motion.

The first is the contention on the part of the defendant that we fell into error in fixing the date upon which the jury were to determine whether or not the payment for title by George Sewell Mowry in the real estate in dispute was constructively fraudulent as to his creditors, as being the date when the legal title passed by deed to Lena M. Mowry and George Sewell Mowry as tenants by entireties. The defendant contends that the critical date should be the date when the article of agreement was entered into by the parties.

The second question is whether or not we were in error in placing the burden of establishing the insolvency of the husband, at the time of the transfer of the real estate, upon the wife, the defendant in this action. As to the first question we say that it cannot be successfully argued that the date to which the jury's attention should have been called on the question of the disproportion between the assets of the husband and his debts was the 10th day of December, 1910, when the article of agreement was made. At that time only $500 of the purchase-money was paid. It would certainly be most unfair to the existing creditors who became creditors between that date and the 21st of June, 1913, to permit the husband to make payment of the larger part of the purchase-money and take title practically in the name of his wife, entirely immune from attack by these creditors. It seemed proper, therefore, that the date to be considered by the jury was that time about when the final payment was made, and to this time their attention was directed.

It having been conceded by the defendant, at the trial, that her husband's money had paid for this farm

and there being no sufficient evidence of actual fraud to submit to the jury, the question was one entirely of constructive fraud, whether or not the debts of the husband were so disproportionate to his estate at the time of the transfer of the legal title as to make the taking of title in the name of the wife or by entireties such a hindering, delaying and defrauding of creditors as to be void from legal fraud.

On the second question as to the burden of proof, the defendant has contended in this motion that there was no proper evidence of the debts of the husband at the time of this transfer offered at the trial; that the testimony of the referee in bankruptcy was inadmissible as to the debts proven before him. We see no reason why his testimony would not be proper, he having before him and refreshing his recollection from the schedule of debts which had been adjudicated in his tribunal and which were in existence at the time of the alleged fraudulent transfer. If, however, this testimony was not admissible, the defendant is not in a position to complain because there was no serious issue raised at the trial as to the amount of the husband's debts. There was a substantial agreement on both sides as to the aggregate sum. In addition to that, it is clear that, in the contest between the wife and her husband's creditors, in order to relieve the transaction from taint of constructive fraud, the burden is upon the wife to show that her husband's debts were not out of proportion to his estate at the time of the conveyance. This burden the defendant did not even attempt to meet. There was a large volume of entirely competent and admissible evidence taken at the trial entirely outside of the testimony of the referee in bankruptcy, showing that the husband was heavily indebted at the time of this transfer. In that situation the burden was clearly upon the wife to show that the total indebtedness was not so large as to create the inference of constructural fraud: Woolston's Appeal, 51 Pa. 452.

We are satisfied that there is no reason shown to entitle this defendant to a new trial.

Verdict for plaintiff and judgment thereon. Defendant appealed.

### APPELLANT'S STATEMENT OF QUESTIONS INVOLVED:

Without proof of actual fraud can a trustee in bankruptcy recover in ejectment land paid for by the bankrupt if title is originally taken in the names of bankrupt and wife where it appears that subsequent creditors will benefit by the recovery? In such case if the land is purchased by written contract and paid for in installments is it sufficient to show bankrupt's insolvency on the date of final payment and where is the burden of proof? Without laying the foundation for its introduction can indebtedness of bankrupt be proved by testimony of the referee based on claims allowed by him?

*Errors assigned* were in refusing to direct a verdict for defendant, in refusing to enter judgment for defendant n. o. v., rulings on evidence and answers to points.

*J. Earl Ogle, Jr.,* with him *Alvin L. Little,* for appellants.

*Charles F. Uhl, Jr.,* with him *William Williams, Frank E. Colvin* and *Charles H. Ealy,* for appellee.

PER CURIAM, October 23, 1918:

The three questions set forth in appellants' statement of the questions involved in this appeal—and we can consider no others—are correctly answered by the learned president judge of the court below in his opinions denying a new trial and overruling the motion for judgment for the defendant n. o. v. On these opinions the judgment on the verdict is affirmed.