Argued January 2, 1934.
The facts are stated in the opinion, LAMBERTON, J., of the lower court, which was as follows:
On April 14, 1915, John H. Irvin and Mae Rust Irvin, his wife, took title as tenants by entireties to a piece of real estate known as 6371 Drexel Road, in the City of Philadelphia, and in that and the succeeding year erected thereon a residence and a garage. The purchase price of the real estate and the cost of the improvements was supplied from the funds of John H. Irvin. In 1922, John H. Irvin and Mae Rust Irvin separated, and on January 4, 1923, an order was entered on John H. Irvin by the Municipal Court of Philadelphia County in the amount of $100 per week for the support of Mae Rust Irvin and her two children.
Complainant, Louis E. Page, sold to defendant John H. Irvin, between March 24th and April 15, 1922, merchandise to the value of $5,436.62, which bill is still unpaid. Suit was brought on this claim in 1923. Service was made on John H. Irvin on June 10, 1932, and judgment was entered on June 30, 1932, in the sum of $8,426.78.
Charles K. Ritter, one of the intervening complainants, brought suit against defendant, John H. Irvin, on March 12, 1923, and judgment was entered on March 29, 1923, in the sum of $1,400.31. There is no evidence of any prior judgment against defendant, John H. Irvin.
First National Bank, an intervening complainant, brought suit against defendant, John H. Irvin, in November, *Page 413 
1923, and judgment was entered on April 17, 1928, in the sum of $550.
John Wanamaker, Philadelphia, an intervening complainant, brought suit against defendant, John H. Irvin and Mae Rust Irvin, his wife, on August 1, 1923, and judgment was entered on June 28, 1932, in the sum of $851.43.
John H. Irvin fell into default in his payments upon the order entered by the municipal court, and was arrested eleven times. On March 4, 1924, John H. Irvin and Mae Rust Irvin, his wife, met in the office of Mrs. Irvin's attorney, Ralph B. Kellam, Esq., of the Philadelphia Bar. The arrearages upon the municipal court order at that time totaled $5,471.40. An agreement was then made between John H. Irvin and his wife, Mae Rust Irvin, by which Mrs. Irvin agreed to cancel all arrearages on said order and to forego all future payments of support, if title to premises 6371 Drexel Road should be conveyed to her. Pursuant to this agreement, Mr. and Mrs. Irvin on said date conveyed title to Edith Hall, an employee in the office of said Ralph B. Kellam, Esq., and Edith Hall reconveyed to Mae Rust Irvin.
Subsequently John H. Irvin and Mae Rust Irvin were divorced and Mae Rust Irvin married one Henry E. Chandler. On June 3, 1928, Mae Rust Chandler and her husband, Henry E. Chandler, conveyed said premises to Dr. Peter J. Moylan and wife, and the net purchase price received from said transaction by Mrs. Mae Rust Irvin Chandler was $23,236.70. It seems to be agreed that on March 4, 1924, when title to said property was conveyed to Mae Rust Irvin, the net value thereof was $25,000.
Of the purchase price of said property, Mae Rust Irvin Chandler placed $15,000 in trust with the Mutual Trust Company, which subsequently became merged with the Corn Exchange National Bank Trust Company, which now holds said fund. By the terms of the trust Mae Rust Irvin was to receive the income therefrom for life, *Page 414 
with the remainder to be paid to her two minor children at her death.
Mae Rust Irvin Chandler died on August 5, 1930, and Irwin F. Holt, Esq., is administrator of her estate d. b. n., c. t. a.
Upon the basis of these facts, Louis E. Page filed his bill in equity on February 20, 1932, alleging that the conveyance by which Mae Rust Irvin took title to premises 6371 Drexel Road, on March 4, 1924, were in fraud of the creditors of defendant, John H. Irvin. The prayer of the bill was that defendants be declared trustees of the proceeds of the sale of said property for the estate of John H. Irvin and his creditors. The other creditors of John H. Irvin, above named, to wit, Charles K. Ritter, First National Bank and John Wanamaker, Philadelphia, were permitted to intervene as parties complainant.
The matter came up for hearing on bill and answer, the chancellor filed findings of fact and conclusions of law, and a decree nisi was entered on January 13, 1933, to the effect that the allegations of the bill had not been sustained and that the same should be dismissed. Exceptions were thereupon filed by complainants.
The conclusions of the chancellor are obviously correct. Exceptants contend that the conveyance of April 14, 1915, by which title was taken in the name of John H. Irvin and Mae Rust Irvin, his wife, as tenants by entireties, constituted a fraud upon the creditors of John H. Irvin. They contend that, even though there is no evidence of such fraud, fraud will be presumed in the case of such conveyance and that the burden is upon defendants to prove the contrary. In support of this rather strange contention, complainants cite the case of Shaver v. Mowry, 262 Pa. 381. The vital distinction between that and the present case is that there, at the time of the transaction in question, the husband was laden with debts, whereas here there is no evidence that he was under any indebtedness whatever until six or seven years *Page 415 
later. Such a transaction might be in fraud of future creditors if deliberately done to defraud them, but such a possibility becomes remote when there is no evidence of the existence of any creditors for a period of six or seven years thereafter. Under such circumstances there is no such presumption of fraud as to throw the burden of proof onto defendants.
In regard to the transaction of March 4, 1924, complainants are on no stronger ground. John H. Irvin at that time was indebted to his wife in the sum of $5,471.40, which indebtedness was increasing at the rate of $5,200 a year. When his wife agreed to cancel this indebtedness and forego all future claims, she paid a good and valid consideration for the transfer of the property, and this in itself would bar the rights of complainants. In considering the amount paid by the wife it should be borne in mind that John H. Irvin was not the outright owner of this property but merely owned an undivided interest in the whole thereof.
A further vital defect in the case of complainants is that title to the property in question was not held in the name of John H. Irvin, but in the name of John H. Irvin and Mae Rust Irvin, as tenants by entireties. Complainants, therefore, could not have subjected said property to the liens of any judgments obtained by them, nor could they have prevented its transfer by Mr. and Mrs. Irvin to an outside purchaser. They, therefore, could not in any event be defrauded by the conveyance of title to Mrs. Irvin.
A last and likewise fatal objection to complainants' case is that they have been guilty of gross laches. The transfer in question took place on March 4, 1924, and the bill in equity was not filed until February 20, 1932, eight years later. The rights of the parties have been very vitally prejudiced by this delay. Complainants seek to subject to their claims, moneys in the trust created by Mae Rust Irvin Chandler and moneys in the estate of Mae Rust Irvin Chandler. Mrs. Irvin Chandler's *Page 416 
evidence would be of vital importance. She died on August 5, 1930, more than six years after the transfer in question and not until after her death was the bill in equity filed. Under these circumstances, any remedy which complainants might have had, and we believe they would have had none, is barred by their laches.
All of the exceptions filed on behalf of complainants should therefore be dismissed.
And now, to wit, this 27th day of September, 1933, it is ordered, adjudged and decreed as follows:
1. The bill in equity is dismissed as to all parties defendant therein.
2. Complainants shall pay the cost of these proceedings.
3. The prothonotary is directed to give notice of the filing of this final decree to the parties or their counsel of record.
Plaintiffs appealed.
Error assigned, inter alia, was decree, quoting record.
The decree of the court below is affirmed on the opinion of Judge LAMBERTON. Costs to be paid by the appellants. *Page 417