## York Radio and Refrigeration Parts

*David R. Monroe*, for assignee.
*Markowitz & Kagen*, for respondents.

ANDERSON, P. J., July 13, 1959.—On a stipulation of facts submitted by counsel, the court is asked to determine whether the assignee of an insolvent partnership is entitled to a refund paid by the Federal Revenue Department to each of the individual partners and his wife on taxes paid in 1954 and 1955 as the result of a loss sustained by the partnership during the year 1956 under the loss carry-back feature of the Internal Revenue Code. Each partner and his wife filed a joint tax return. The application for the refund was filed and the checks were received after the assignment had been made by the three partners. The assignee contends that since the refunds were solely the result of an operating loss sustained by the partnership business, that they constitute a partnership asset and should be paid to the assignee for the benefit of the partnership creditors. The partners assert that since this refund was a purely personal privilege of the partner and his spouse and since the checks were made out to both of them, that the fund so received constituted a tenancy by the entireties and consequently the assignee has no valid claim whatever on the amounts so received. It must be borne in mind that this assignment is exclusively that of the partnership and that there is no allegation or assertion of any fraud whatsoever involved.

The question presented is a novel one indeed and there is a dearth of authority thereon. There are, however, some straws in the wind which indicate the trend thereof. First of all the stipulation of facts states: "For the calendar year 1954, based upon income received from the aforesaid partnership and other sources, each of the said partners, together with their respective spouses, filed joint income tax returns with the Treasurer of the United States, based upon income so received and reported the amount of taxable or net income shown below."

A similar statement is made as to the returns made for the year 1955. This indicates that each individual return includes income from sources other than the partnership. It is clear from the provisions of the Internal Revenue Code that when a husband and wife file a joint return that each becomes liable for the whole amount of tax due thereon regardless of the source of the income. Having assumed the liability and burdens of filing such a return, it would seem only equitable that both should be entitled to the advantages which accrue, if any. Again, since the partnership entity as such pays no income tax, but only the individual partners are liable therefor, based upon their receipts from the partnership and their other income or losses, the partnership entity may not recover a refund, if taxes have been overpaid or a refund is due for any reason. It is therefore clear that the assignee of a partnership could not validly file a claim for a refund.

"In case of a partnership, the claim must be filed by the individual partners. An assignee cannot be a claimant, since the law does not recognize an assignment before the allowance of the claim": C. C. H. Standard Federal Tax Reporter, 1959, vol. 5, paragraph 5408.014. In fact it is quite doubtful that an assignee could compel an uncoöperative partner to file a claim for a refund to which he might be entitled.

Another circumstance that lends credence to the claim that such refunds are the personal property of the individuals and do not belong to the creditors of the partnership, is the fact that it could very well happen, although not alleged here, that one partner, because of a large family of dependents or business losses, would not have any tax whatever due on his income from the partnership and consequently would not be entitled to a refund, while another partner with

the same income, having but one depenent, might be entitled to a substantial refund.

There is also merit to the assertion that the refund under the circumstances here involved constitutes an estate by the entireties and consequently may not be reached or acquired by the assignee. In a well reasoned opinion in Green Estate, 14 D. & C. 2d 595 (1958), Judge Bolger of the Orphans Court of Philadelphia County comes to that conclusion in holding that a refund of overpayment of income tax on a joint return of husband and wife received after the husband's death, belongs entirely to the wife as surviving tenant by the entireties. In this case the wife successfully claimed the refund as her own personal property as against the executors of her husband's estate. The court found that:

"The refund represented liquidation of a chose in action which, during the lifetime of decedent and his wife, was held by them as tenants by the entireties. Such a tenancy arises whenever an estate vests in two persons, they being, when it so vests, husband and wife. It may exist in personal as well as real property in a chose in action as well as in a chose in possession: Madden v. Gosztonyi Savings and Trust Company, 331 Pa. 476. That the largest part of the money applied in payment of the estimated tax belonged to decedent is immaterial: Blumner v. Metropolitan Life, 362 Pa. 7. . . .

"It is not necessary that the interest in the chose in action shall by any expression of intention be designated as an estate by the entireties. In fact, ownership by a husband and wife will always be considered as an estate by the entireties unless there is an express intention to the contrary: McEwen Estate, 348 Pa. 23; Northampton Brewery Corp. v. Lande, 138 Pa. Superior Ct. 235."

There seems no doubt that this is a proper interpretation and application of the law for we find in C. C. H. Standard Federal Tax Reporter, 1959, vol. 5, paragraph 5408.014, referring to the division of the joint refund check, that the matter of the respective rights in the refund is left to State law. See also In re Smulyan, 98 F. Supp. 618 (M. D. Penna.).

We therefore enter the following order:

And now, to wit, July 13, 1959, it is ordered, adjudged and decreed that the rule granted December 19, 1958, on Leopold Hochberger, Joseph Hochberger and Adolph Hochberger to show cause why they should not account to Thomas Zoda, assignee, for any refunds of income tax received by them for the years 1954 and 1955, is herewith discharged, with an exception.