# Pittsburgh National Bank of Commerce *versus* McMurray.

1. Where one person deposits money with another for investment with· the understanding that the recipient is to pay interest on the amount until invested, the relation established between the parties is that of debtor and creditor, not that of trustee and cestui que trust.

2. A. sent $1,300 to B. for investment with the understanding that B. was to pay interest thereon until invested.  B. deposited the amount in· bank, and afterwards becoming insolvent, absconded.  A. demanded pay·: ment from the bank of the $1,300, which was refused, and on the same day, the money was paid by the bank to the sheriff by virtue of a writ of · sequestration directed against B.  In a suit by A. against the bank to re: cover the amount of the deposit, *Held*, that the agreement to pay interest on the fund until invested, constituted B. the debtor of A., and not his trustee, that hence the sum deposited in bank was the money of B., not of A.; and that, therefore, the plaintiff was not entitled to recover.

3. Where the court below negatives a point of law presented by counsel in which the facts are stated hypothetically, the Supreme Court will, on error, assume that the jury would have found the facts as stated in the point.

October 13th 1881.  Before Sharswood, C. -J., Mercur, Gordon, Paxson, Trunkey and Sterrett, JJ.  Green, J., absent.

Error to the Court of Common Pleas No. 1, of *Allegheny county :* Of October and November Term 1881, No. 9.

Assumpsit, by George W. and William McMurray against the Pittsburgh National Bank of Commerce, to recover the sum of $1,300.

On the trial, before Collier, J., the following facts appeared : The plaintiffs, who lived in Noblestown, had been in the habit for several years of sending money to S. B. W. Gill, an attorney-at-law in Pittsburgh, as their agent·and attorney, for the purpose of investment, on the understanding that Gill was to pay interest on the money from the time he received it until he invested it.  On September 17th 1877, the plaintiffs sent the sum of $1,300 to Gill's office, with a message that it was for investment.  Mr. Gill was absent from the city, and the money was left with his son and business assistant, who gave the following receipt:—

"Received, Pittsburgh, September 17th 1877, of George W. and W. McMurray, the sum of thirteen hundred dollars, to be invested by me for them.        S. B. W. Gill,

                                              H. B. Gill."

The standing arrangement that Gill was to pay interest on

such funds until invested was not countermanded or alluded to. H. B. Gill, on the same day, deposited this sum in the defendant bank, to the credit of his father's general private account. Subsequently he drew from the bank, on blank checks left with him and signed by his father, sums exceeding $1,300.

Two months afterwards, it being currently rumored that S. B. W. Gill was a defaulter and had absconded, the plaintiffs demanded the sum of $1,300 from the bank, on the ground that it was trust money belonging to them. At this time the balance to Gill's credit was $1,954. The bank refused the demand. On the same day a writ of sequestration, issued from the Orphans' Court, was served upon the bank, and the said balance standing to Gill's credit, was paid to the sheriff, who afterwards, under an order of the Orphans' Court, paid the same to Gill's assignee in bankruptcy. The plaintiffs afterwards brought this suit.

The bank alleged that they had an agreement with Gill that he was to keep a large balance on deposit to secure a line of discounts; that they received the $1,300 as Gill's money, without notice of any trust; and that, in fact, the transaction between the plaintiffs and Gill was a loan and not a trust.

The defendant presented, inter alia, the following point: (5) If the jury find that the money in question was sent to S. B. W. Gill for investment under the same arrangement as he had before that time received other moneys from plaintiffs for investment, to wit, under an arrangement that he (Gill) was to pay interest to the plaintiffs until the money should be invested, then the verdict should be for the defendant. And if the fact was as stated by Wm. McMurray, one of the plaintiffs, that such arrangement was not countermanded when they sent the money claimed in this case to Gill, the presumption would be that the same arrangement was to continue in respect to said money as had been agreed upon before that time in respect to other moneys placed by plaintiffs in Gill's hands for investment." *Refused.* Exception.

Verdict and judgment for the plaintiffs. The defendant took this writ, assigning for error, inter alia, the refusal of the above point.

*Thomas C. Lazear,* for the plaintiffs in error.—Until notified by the plaintiffs the bank could safely pay out Gill's deposits on his checks: Farmers & Mechanics' Nat. Bank *v.* King, 7 P. F. Smith 202; Frazier *v.* Erie Bank, 8 W. & S. 18; Bank of Northern Lib. *v.* Jones, 6 Wr. 536.

The plaintiffs' fund was mixed up with Gill's money in the bank, and Gill's son, in fact, drew out more than $1,300 before

the plaintiffs gave their notice. Gill agreed to pay interest until the money was invested; therefore he had a right in the meantime to use it as his own, and the bank had a right, under their agreement with Gill, to retain it as security for discounts.

*T. Walter Day*, for the defendant in error.—When a bank receives deposits, it becomes debtor to the depositor, and may pay the debt in answer to his checks, in absence of interference by his principals to whom it belongs; but when the principals assert their right to the money before its repayment, the right of the agent or trustee ceases: Farmers &Mechanics' Nat. Bank *v.* King, 7 P. F. Smith 202.

No paper was discounted for Gill on the strength of this money deposited by the son after he left: Stair *v.* York Nat. Bank, 5 P. F. Smith 364; First Nat. Bank of Wellsborough *v.* Bache, 21 P. F. Smith 213.

Mr. Justice PAXSON delivered the opinion of the court, October 24th 1881.

The defendant's fifth point ought to have been affirmed. If, as was alleged, the money was placed in Gill's hands for investment, with an understanding or agreement that until he could find a satisfactory mortgage he should pay interest thereon, the plaintiffs below cannot hold him as a trustee, nor follow his deposit in the bank as trust money. As the court below negatived the point, we must assume the jury would have found the facts as stated therein. The plaintiffs cannot treat Gill in the dual character of trustee and debtor. Undoubtedly the receipt by him of the money for investment, without more, would have made him a trustee. The money would have been trust money, and if misapplied, could have been followed until it reached the hands of an innocent holder for value. But the agreement to pay interest necessarily implied the right to use the money. Interest is the price or consideration for the use of money. It follows that Gill became the mere bailee or debtor of the plaintiffs, subject to the duty of investing the money in a mortgage when a suitable opportunity should occur. In the mean time he had the right to use it in any way his convenience or necessities required. When deposited in the bank, it was the money of Gill, not of the plaintiffs, if the facts be as stated in the point.

The remaining assignments are without merit.

Judgment reversed, and a venire facias de novo awarded.