MEDORA I. DOTY, EXECUTRIX, *v.* JOHN J. GHINGHER, RECEIVER.

[No. 6, January Term, 1934.]

*Decided February 9th, 1934.*

The cause was submitted on briefs to BOND, C. J., PATTISON, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Albert S. Brown,* for the appellant.

*John S. Newman,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

The only question in this case is whether the balance of a deposit of $5,000, deposited in the Central Trust Company of Maryland, on June 2nd, 1924, by Walter C. Doty, is to be treated as a trust and a preferred claim in the distribution of the assets of said trust company.

The petition of Abram Hemp and Medora I. Doty, executrix of Walter C. Doty, filed in the receivership case of said trust company, alleges that on June 2nd, 1924, an agreement was entered into between the said Abram Hemp and Walter C. Doty and the Central Trust Company of Maryland, under which the said Hemp and Doty each individually deposited with said trust company the sum of $5,000, in individual

accounts marked "Abram Hemp, Special," and "Walter C. Doty, Special," upon terms set out in said agreement, a copy of which is filed as an exhibit; that Doty is now deceased, and the petitioner Medora I. Doty is the executrix of his will and has duly qualified; that the purpose of said deposits was to guarantee said trust company against loss on account of the liquidation of notes discounted for the firm of "Hemp and Doty" by said trust company; that, since entering into said agreement and making said deposits, the discounted notes have been materially reduced, but there remain unpaid certain notes (described in the petition) amounting to $2,972.15; that there is on deposit in said trust company in the name of said partnership the sum of $401.58; that petitioners are advised that the said deposits are in fact trust funds deposited for a specific purpose, and held by said trust company in trust for said purpose; and that, after the deduction of said notes with accrued interest, petitioners are entitled to have the remainder of said deposits delivered to them as preferred claims against said trust company and said notes returned to petitioners. The prayer of the petition is for an order directing the receiver of said trust company to set off the amount of said remaining discounted notes against said specific deposits plus the said amount on deposit in the partnership name, and that the balance be made a preferred claim against said receivership in such amounts as the court may determine due to Abram Hemp and Medora I. Doty, executrix, separately and individually, and that said notes so liquidated be returned to petitioners.

By the agreement Abram Hemp and Walter C. Doty agree to deposit $5,000 each upon four per cent. interest account, they to receive the interest accruing therefrom, the said deposit to be subject to the control of said trust company pending the liquidation of the affairs of the said firm and until all discounts, claims, and charges which may now or may hereafter be held by said trust company against said firm or the individual members thereof have been completely liquidated and satisfied. And in consideration of said deposit the trust company agrees to renew from time to time such of

said notes until said notes are finally curtailed, reduced, and paid; said renewals, however, in no event to continue for more than three years from the date of the agreement. It is further mutually agreed that, upon complete liquidation of said claims, said deposits shall be released to the depositors, together with any accrued interest thereon, but not until the trust company has been completely satisfied, and that said notes shall be reduced as rapidly as possible.

Although the petition was filed on behalf of both Abram Hemp and Medora I. Doty, executrix, the proceeding seems to have been pursued only by Mrs. Doty. There appears in the record an abstract of the bank book of W. C. Doty, as follows:

> "Bank Book A No. 7634, In account with W. C. Doty
> —Special (See Provision),
> "Interest Account
> "Central Trust Company of Maryland, Frederick, Md.
> "In Account with W. C. Doty, Special
> "No. 7634A
> "This deposit not subject to withdrawal, except by consent of the Central Trust Company of Md., which provision is in accordance with an agreement signed and sealed 6/2/24 (See agreement filed) Interest payable semi-annually to W. C. Doty."

Then follows an itemized statement of deposits and withdrawals, including credits of interest, and showing a balance of $5,000.

The chancellor in his opinion held that no trust was created with respect to the deposit, but that the relation between the bank and the depositor was simply that of debtor and creditor; and he disallowed the claim for a preference. This appeal is from the order disallowing the claim. We find no error in that ruling.

We cannot find in the agreement any evidence of an intention of the parties to create a trust, and a trust will not be imputed when none in fact was contemplated. *Seabrook v. Grimes*, 107 Md. 410, 417, 68 A. 883; 1 *Lewin on Trusts*,

side page 83; *Colmary v. Fanning,* 124 Md. 548, 565, 92 A. 1045.

"The intention as to the creation of a trust is to be gathered in each case from the general purpose and scope of the instrument." 1 *Perry on Trusts and Trustees,* c. III, secs. 151, 158.

"If the intention is that the person receiving the money shall have the nonrestricted use thereof, being liable to pay a similar amount, whether with or without interest to the payor or to a third person, a debt is created. * * * If there is an understanding between the parties that the person to whom the money is paid shall pay 'interest' thereon (at a fixed or at the current rate, and not merely such interest as the money, being invested, may earn), the relationship is practically always a debt and not a trust. Interest is paid for the use of the money, and if the payee pays interest, he is, in the absence of a definite understanding to the contrary, entitled to use the money for his own purposes." *A. L. I. Tentative Draft* No. 1, Restatement of the Law of Trusts, page 41. See, also, *Pittsburgh National Bank v. McMurray,* 98 Pa. 538; *Old Colony Trust Co. v. Puritan Motors Corporation,* 244 Mass. 259, 138 N. E. 321.

The quotations in appellant's brief from 31 *A. L. R.,* pages 472 and 473, and from 3 *R. C. L.* 517, are not applicable to the deposit in this case. They apply where the fund deposited is to be used for some specifically designated purpose and is not intended to be mingled with the bank's general funds. There is here not only nothing in the agreement expressly providing that the funds shall be kept separately, but the fact that the bank was to pay interest on the deposit indicates that it was intended it should have the use of the money for its own purposes. The account is described in the agreement as a "four per cent. interest account." The only apparent purpose of marking it "special" and tying it to the agreement was to protect the bank from the withdrawal of the deposit until the terms of the agreement should be fulfilled. The only designated purpose of the deposit was to protect the bank. It became the debtor of the depos-

itor for the amount deposited, subject to mutual offsets. The account was virtually assigned as collateral. The depositor is entitled to an offset, but is not a preferred creditor as to any balance.

Tht order appealed from did not pass on the application for the delivery of the discounted notes on which Messrs. Hemp and Doty were liable as indorsers. It follows, however, from the right of offset, that if the accounts balance, or there is an excess in favor of the depositors, the receiver has no right to retain the notes.

*Order affirmed, with costs to the appellee.*