Wilbur Trust Company *v.* Knadler et al.,
Appellants.

Argued April 13, 1936.   Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Harold Butz,* of *Butz & Rupp,* for appellants.

*Francis Johns Gafford,* with him *Calvin F. Smith* and *John D. Hoffman,* for appellee.

OPINION BY MR. JUSTICE DREW, May 25, 1936:

Milton T. Knadler, who died intestate in January, 1933, was survived by his widow, Elizabeth, and by Leroy, the son of a former wife, and Leroy's two children, Donald and Louise. During his lifetime, decedent deposited various sums of money with the E. P. Wilbur Trust Company, in exchange for which he received from the latter so-called "mortgage trust certificates," aggregating $19,500. At the decedent's direction, these certificates were variously issued in the names of "Milton T. Knadler or Leroy F. Knadler," "Milton T. Knadler or Donald M. Knadler," and "Milton T. Knadler or Louise Knadler." The certificates provided that the money was deposited "in trust for investment in guaranteed bonds and mortgages," and stated that the trust company held "in trust specifically for the payment and redemption" of the certificates, mortgages equal to them in face value. The company promised to replace any mortgage which might be withdrawn or paid during the life of the certificate, and to collect and pay interest to the holder at the rate of four and one half per cent a year, to be paid semiannually. Interest accruing on the mortgages in excess of four and one half per cent was to be kept by the

company, which also guaranteed payment of the face amount of each certificate on a fixed date, generally five years from the date of the certificate. The company reserved the right to terminate the "trust" at any time after a year from the date of the certificate, by payment of principal and accrued interest upon thirty days' notice to the record owner.

All of these certificates were kept by decedent in his own deposit box in the Wilbur Trust Company, and of them $6,000 in principal amount was paid to him during his life. In 1931, decedent went to the trust company and personally directed that the certificates then outstanding be endorsed with the names of "Milton T. Knadler or Elizabeth Knadler," which endorsement was duly made on the back of each certificate. Checks for interest, drawn to the order of her husband, were thereafter delivered to Mrs. Knadler and were endorsed and cashed by her during his lifetime. At his death the unpaid certificates were in his deposit box, which the chancellor found had been visited by Mrs. Knadler on several occasions before her husband's death. The outstanding certificates are claimed by decedent's widow on the one hand, and by his son and the latter's children on the other. The present bill of the trust company alleges that its interest is merely that of stakeholder, and seeks to have the respective claimants interplead. In his answer to the bill, Leroy Knadler claims the amount of the certificates paid by the company to decedent during his lifetime, which payment is alleged to have been wrongful and contrary to the terms of the certificates. By stipulation of counsel, the cause was tried in the court below as if a decree had been entered on the bill, making Leroy and his children plaintiffs and decedent's widow, who is also the administratrix of his estate, defendant. The chancellor awarded the outstanding certificates to the widow individually, and rejected the claim against the company for the certificates paid to decedent. This appeal followed.

Appellants contend that decedent's acts created an irrevocable trust in their favor, that their interest therein could not be impaired without their consent, and that the transfer to Mrs. Knadler was therefore void. We cannot agree with their position. It is true that the word "trust" is used a number of times in the certificates, and the language is that of a trust instrument. But the words "trust," "trustee," and other like descriptive terms are not in themselves sufficient to indicate a trust if in fact the trust is not complete in all its parts: *Lawrence v. Godfrey*, 296 Pa. 474; see *Wallace's Est.*, 316 Pa. 148, 152. There must of course be a res. Clearly it was not the intent of the parties that the company should hold any specific coins and currency delivered to it by decedent in trust for any purpose. While it is undoubtedly true that the mortgages held by the company under the terms of the certificates were impressed with a trust, and as to them the company was under a fiduciary duty, nevertheless we are not now concerned with them. The fact remains that the company was obligated to pay a fixed sum on a certain date, and in the meantime to pay interest on that sum at a fixed rate and at stated intervals. Its obligation in this respect was very plainly that of a debtor and not that of a trustee. An agreement to pay interest in a fixed amount, implying as it does the right to the use of the money, points strongly to a debtor-creditor rather than a trustee-beneficiary relation: *Pgh. Nat. Bank of Commerce v. McMurray*, 98 Pa. 538; *Bair v. Snyder Co. State Bank*, 314 Pa. 85. The absolute obligation to pay the principal amount of the certificates at the stated time, regardless of the condition of any specific res, is of course a debt and not merely a fiduciary duty. Obviously, therefore, in so far as the payments required of the company by the certificates are concerned, the relation between it and a depositor under one of the certificates was that of debtor and creditor.

It follows that, although decedent's son and grandchildren were undoubtedly empowered to receive pay-

ments due under the certificates during his life, no irrevocable interest in the fund was vested in them. It is well settled that a deposit by one of his own money in an account in the names of himself and another is not of itself sufficient, in the absence of affirmative evidence to that effect, to indicate an intention on the part of the depositor to vest in the added party a joint beneficial interest in the fund with right of survivorship: *Zellner's Est.*, 316 Pa. 202, and cases there cited. The same reasoning must apply to the case before us. The money deposited was that of decedent alone. There was no competent affirmative evidence showing an intention on decedent's part to vest in his son or grandchildren a present interest in the fund with right of survivorship. They are therefore not entitled to claim it as their own now.

A different situation is presented, however, by the transfer to "Milton T. Knadler or Elizabeth Knadler" endorsed on the certificates in 1931. The endorsements were made at the express direction of decedent and with the approval of the company, and decedent's widow clearly acquired thereby an interest in the fund. The question remains whether her interest was such as to entitle her to claim it after his death. We have repeatedly held that a deposit of money in the names of husband and wife creates a tenancy by the entireties, and that the surviving spouse is entitled to the remainder of the fund: *Parry's Est.*, 188 Pa. 33; *Klenke's Est. (No. 1)*, 210 Pa. 572; *Blick v. Cockins*, 252 Pa. 56; *Sloan's Est.*, 254 Pa. 346; *Berhalter v. Berhalter*, 315 Pa. 225. The fact that the deposit is in the names of husband *or* wife, rather than husband *and* wife, does not prevent application of the rule. "It is a joint deposit with right of survivorship where the certificates are payable to husband or wife, as well as where payable to husband and wife. In either case it is held by entireties": *Klenke's Est.*, supra; *Sloan's Est.*, supra. The estate is established even though there is no agreement between the spouses to that effect: see *Berhalter v. Berhalter*, supra.

An intention to create the entirety is assumed from the deposit in both names and from the fact of marital relationship. Accordingly, upon the death of one, the balance of the fund remains to the survivor. In the present case the transfer of the certificates to the names of "Milton T. Knadler or Elizabeth Knadler" must be considered to have the same effect as would a deposit in those names. The rule established by the above cases is therefore applicable, and Mrs. Knadler, as surviving spouse, is entitled to the money due on the certificates. The court below was right in awarding them to her.

Decree affirmed at appellants' cost.