Bostrom *v.* National Bank of McKeesport,
Appellant.

Argued March 22, 1938. Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

66

*A. M. Simon,* for appellant.

*Herbert R. Hahn,* with him *R. A. Hitchens* and *Fred S. Hitchens,* for appellee.

OPINION BY MR. JUSTICE DREW, April 18, 1938:

To recover on a savings account alleged to have been held by the entireties, the present action of assumpsit was instituted by C. J. Bostrom and wife. After the death of the former it was prosecuted by the wife alone. Defendant resisted the claim of the wife on the ground that the account was not by the entireties. The jury returned a verdict for the defendant following which the court entered judgment for plaintiff n. o. v. This appeal followed.

The decisive evidence on both sides as to the nature of the account is documentary. The account was originally in the name of C. J. Bostrom alone. In 1906 a new passbook was issued, and the first entry was the balance from the individual account. Across the top of the first two pages the book was headed: "In account with C. J. Bostrom and wife." To the left of this caption the book was stamped by the bank: "Payable to either or survivor." The cover page bore the name of C. J. Bostrom alone. The signature card on file with the bank bore the signatures of both and was likewise stamped, "Payable to either or survivor." Defendant's ledger sheets, however, did not indicate that the account was by the entireties, having been captioned with the number of the account and the name of the husband alone.

In 1926 defendant discounted a note in the amount of $1,900 for Bostrom, which was successively renewed and

somewhat reduced until, in 1935, defendant notified him that it had been charged to the savings account. Meanwhile, once in 1926, and again in 1928, Bostrom transferred, by checks of $1,000 each, funds from his checking account with defendant to the savings account. After being notified of the charge against the savings account, Bostrom and his wife made joint demand for the entire account, and upon refusal instituted the present action.

Defendant claims that an account by the entireties does not exist, that the question was for the jury and that the jury has found otherwise. Alternately, it is claimed that if the account is by the entireties it should not have its usual exemption from the separate debt of the husband in view of his transfer of $2,000 from his checking account while indebted to defendant.

It was for the court to determine the nature of the savings account. The effect of the bank book, signature card and ledger sheets, documents the integrity of which was not impeached, did not depend on oral testimony and did not require submission to a jury. We think the court below has properly found the account to be by the entireties. The passbook, primary evidence of the contract between bank and depositor, so indicated. The signature card, required by the bank for its own protection, was to like effect. The absence of similar designation of the account on the bank's private ledger is not conclusive. The ledger was not part of any transaction between the parties to the account, and it seems the bank's bookkeeper was not much concerned with the name of the depositor. C. J. Bostrom's name on the ledger appears variously as C. J. Bertram and C. J. Beitram. Consequently, we do not think it significant that the names of both did not appear on the bank's secret records. In each instance where their intention was consulted, in the passbook and upon the signature card, the names of both do appear with the legend, "pay to either or survivor." Nor is it important that the wife did not during her husband's lifetime ever make

withdrawals. The existence of the power to withdraw in no sense depends upon its exercise.

But it is argued that a joint account could not have been created by adding the name of the wife to the account of her husband without withdrawing the funds of the old account and redepositing them in the new one. The contention is without merit. The intention of the parties was clear and the substantial change of rights was effected without the formal steps defendant now claims necessary. A new passbook was issued to the parties jointly, and the first entry was the balance from the old book. The husband thereby transferred the proceeds of his individual account to the joint account as effectively as if he had withdrawn them in cash and immediately turned it back, in which case there would be no question but that an account by the entireties would have been created: *Wilbur Trust Co. v. Knadler,* 322 Pa. 17, 21; *Berhalter v. Berhalter,* 315 Pa. 225. "An intention to create the entirety is assumed from the deposit in both names and from the fact of marital relationship": *Wilbur Trust Co. v. Knadler,* supra, at page 22.

Plainly, therefore, defendant cannot set off the husband's debt against the account. The account is presently the property of the wife, whereas the debt was that of the husband. Nor does it matter that some of the deposits in the savings account were made by Bostrom after he became indebted. The suggestion that these deposits were a transfer in fraud of the bank is without foundation. Nothing could have been more fair and open. The funds transferred were first in Bostrom's checking account in defendant's own bank. The latter not only knew of but made effective the transfer. The deposits were entered in the savings book, which clearly indicated the wife's interest. If defendant was not aware that it was surrendering its right of set-off, the fact was due to its own ignorance of the law and not to any deception on the part of Bostrom. Furthermore,

although the questioned transfers were made in 1926 and 1928, not until 1935 did defendant attempt to reach the savings account. The attempt was clearly an afterthought. Defendant's imputation of fraud is unsupported by even slender suspicion.

Judgment affirmed.