Geist et al., Appellants, *v.* Robinson.

Argued April 19, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*S. M. R. O'Hara,* with her *Lilley & Wilson, Joseph F. Ogden,* and *George L. Fenner,* for appellants.

*Walter H. Robinson,* with him *Mills & O'Connor,* for appellee.

46

Opinion by Mr. Chief Justice Kephart, June 30, 1938:

This appeal is from an interpleader proceeding. The contest is between the executors of Charles L. Leymeister and the guardian of the estate of his widow. The widow is mentally incompetent. The deposit account involved was opened by the husband in 1910. The bank's ledger sheet recording the initial deposit, as well as each ledger sheet thereafter, is captioned "Chas. [or Charles] L. Leymeister or wife." Although the original passbook was not available, and it cannot be shown in what names it was issued, a new book, issued in 1925 to replace it, is likewise entitled "Charles L. Leymeister or wife." This evidence is relied upon by the guardian as showing a tenancy by the entireties, vesting in the widow the right of survivorship.

The deceased's executors assert that all of the money going into the account belonged to the husband and there was no agreement between the spouses relative thereto; that, although the husband signed a signature card, the wife never did, nor did she ever withdraw funds during her husband's lifetime. It is argued that the words "or wife" may have been added to the ledger sheets and passbook at some later date, and that the rules of the bank for the creation of estates by entireties were not complied with. Further, if the deposit be decreed as an entirety, certain bequests made in the deceased's will would be ineffective because of insufficient funds. All these circumstances, it is urged, indicate the husband never intended to create a tenancy by the entireties. The court below found for the widow's guardian.

A bank account appearing in the names of husband and wife, or husband or wife, is presumptively a tenancy by entireties. The use of the disjunctive, with the consequent right in either spouse to withdraw the funds, does not alter the character of the estate. See *Madden, et al. v. Gosztonyi Savings & Trust Co.,* 331 Pa. 476.

The fact that the words "or wife" were used instead of "or Ida Robinson Leymeister" is immaterial: *Sloan's Estate,* 254 Pa. 346; *Bostrom v. National Bank of McKeesport,* 330 Pa. 65, 198 Atl. 644.

It is also immaterial that the funds prior to deposit may have belonged exclusively to the husband (although this was not affirmatively proved): *Parry's Estate,* 188 Pa. 33; *Klenke's Estate (No. 1),* 210 Pa. 572; *Blick v. Cockins,* 252 Pa. 56, 58; *Berhalter v. Berhalter,* 315 Pa. 225; *Loesch's Estate,* 322 Pa. 105. Nor was any agreement between the spouses necessary; *Berhalter v. Berhalter, supra,* at p. 227. In *Wilbur Trust Co. v. Knadler,* 322 Pa. 17, 21, 22, this Court repeated what was said in the *Berhalter* case and added: "An intention to create the entirety is assumed from the deposit in both names and from the fact of marital relationship." The sharp difference between such accounts and other joint accounts or tentative trusts has been clearly indicated.

It is of no consequence that the wife made no withdrawals individually during her husband's lifetime. As was stated in the *Bostrom* case, supra, at p. 646, in answer to the same argument: "The existence of the power to withdraw in no sense depends upon its exercise." Nor is it important that no signature card was shown to have been signed by her. The purpose of such a card is not to establish ownership but only to guard against payment to an unidentified person. See Zollman, Banks & Banking (1936), sections 1251, 1252; *Bulakowski v. Phila. Sav. F. S.,* 270 Pa. 538, 544.

The objection that, if this is held to be a tenancy by the entireties, there will be insufficient funds in the hands of the personal representatives to pay all of the bequests in the decedent's will, is not material in determining whether the deposit was an "entirety". The intention of the husband to create such an estate, having once been expressed, could not be destroyed by any subsequent contrary intention even if such here existed: *Klenke's Estate (No. 1), supra,* p. 574.

Appellants argue that the deposit must have been in the name of the husband alone until 1925, when it was changed to the names of both, and that such a change did not comply with the laws governing the passage of title to personalty or with the bank rules requiring a duly authenticated written notice of assignment. In the *Bostrom* case, supra, this Court held the transfer effective under a similar change of denomination from husband to husband or wife. It is fair to assume from the attitude of the bank since 1925 and from the manner in which it treated the deposit that the deposit complied with the rules or else compliance was waived.

The rules printed on the passbook are only for the convenience and protection of the bank and may be waived. This is true as to the requirements that the depositor be present and subscribe to the rules and regulations on making the first deposit, and that possession of the passbook may be required by the bank when called upon to make payments. That the husband may have kept the passbook in his exclusive possession is unimportant: Zollman, Banks & Banking (1936), sec. 3223. And the rule that "On the decease of any depositor, the amount to the credit of the deceased shall be paid to his or her legal representatives" obviously means payment will be made to the legal representatives of the survivor, in the case of a deposit by entireties or a joint deposit with survivorship.

Appellants urge that the order and judgment of the court below impaired the obligation of the contract between the husband and the bank. The decision carries out the provisions of that contract, instead of impairing them. Furthermore, the constitutional prohibition against the impairment of the obligation of contracts does not apply to judicial decisions. This Court recently reiterated that rule in *Peoples-Pittsburgh Trust Co. v. Blickle*, 330 Pa. 398, 199 A. 213, 215.

Judgment affirmed.