## Berkowitz's Estate (No. 1).

Argued April 14, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Max Rosenn,* with him *Thomas M. Lewis,* for appellants.

*E. F. McGovern,* with him *Wm. W. Hall,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, May 11, 1942:

The questions here involved arose upon exceptions to the first and partial account filed by the widow of Bernard or Benjamin Berkowitz, deceased, as administratrix of the decedent's estate.

Decedent died intestate on October 12, 1934, a resident of Exeter, Luzerne County, Pennsylvania, leaving to survive him his widow, Celia Berkowitz, who is also administratrix, and three sisters. At the time of decedent's death there was a savings account in the Miners Savings Bank of Pittston, Pennsylvania, standing in the names of "B. Berkowitz or wife Celia." The account was originally opened by the decedent, in his own name, on December 30, 1897, but the caption on the bank's ledger sheets was later changed by the addition of the words "or wife Celia", and the passbook was similarly changed from "in account with B. Berkowitz" to "in account with B. Berkowitz or wife Celia." The words "or wife Celia", appearing on the ledger of the bank, are admittedly in the handwriting of the bank's deceased president, one Foster, and a notation on the ledger, in the same handwriting, plainly indicates that the change in the form of

the account was made on April 19, 1932. At the death of decedent the account contained a balance of $10,847.91, which sum was withdrawn by the widow and deposited in a new account in her own name.

To the first and partial account filed by the widow as administratrix, on July 16, 1937, Sarah Green and Rose Moskowitz, sisters of the decedent, filed exceptions, claiming that the savings account in controversy was the sole property of the decedent and should, consequently, be accounted for through his estate. The widow resisted this claim on the ground that the fund in question was held by her and the decedent as tenants by the entireties, vesting in her the right of survivorship. The court found in favor of the widow and, accordingly, dismissed the exceptions. On these appeals, which were then separately taken by the exceptants, it is contended that this was improper and that the court should have concluded that the fund belongs to the estate.

An agreement between the spouses, or other independent evidence of a transfer, was not necessary to create the entirety. And this is true although the account was originally opened in the name of the decedent alone, and notwithstanding that the fund therein may have been contributed by him exclusively: *Bostrom v. Nat. Bk. of McKeesport,* 330 Pa. 65; *Geist v. Robinson,* 332 Pa. 44. As was pointed out in the *Geist* case (p. 47), there is a well defined distinction, in this regard, between accounts in the names of husband and wife and other joint accounts. In *Mader v. Stemler,* 319 Pa. 374, which is cited to us by appellants as controlling, the marital relationship was absent, and the decision in that case is, therefore, wholly inapplicable here. As stated in *Wilbur Trust Co. v. Knadler,* 322 Pa. 17, 22: "An intention to create the entirety is assumed from the deposit in both names and from the fact of marital relationship." See also *Bostrom v. Nat. Bk. of McKeesport,* supra, 68; *Geist v. Robinson,* supra, 47. Nor may it be assumed, in the absence of any evidence to substantiate such asser-

tion, that the addition of the words "or wife Celia" to the savings account was made by the bank without decedent's knowledge or consent, as appellants contend. A similar contention was urged to defeat the tenancy by the entireties in *Geist v. Robinson,* supra, but was disregarded and the rule established as follows (p. 46) : "A bank account *appearing* in the names of husband and wife, or husband or wife, is presumptively a tenancy by entireties." See also *Bostrom v. Nat. Bk. of McKeesport,* supra, 67.

That the widow made no withdrawals during the decedent's lifetime is not inconsistent with the creation of a tenancy by the entireties, and we attach no importance to such fact, particularly since the record shows that no withdrawals whatever were made during the period from the change in the form of the account down to decedent's death. As said in the *Bostrom* case, at page 68, in answer to the same contention: "The existence of the power to withdraw in no sense depends upon its evercise." See also *Geist v. Robinson,* supra, 47. And, it is also immaterial that the widow never executed a signature card for the account, since the purpose of such card is solely to enable the bank to guard against payment to an unidentified person and not to establish ownership: *Geist v. Robinson,* supra, 47.

Whether considered singly or taken together, we are of opinion that the circumstances depended upon by appellants to defeat the tenancy by entireties are legally insufficient for that purpose. In the *Geist* case, as here, the evidence on behalf of the widow consisted solely of the entries upon the ledger sheets of the bank and the passbook, and every circumstance here relied upon as indicating that the husband-decedent did not intend to create a tenancy by the entireties was also present there. In addition, it was apparent in that case that, if a tenancy by the entireties were decreed, there would be insufficient funds to pay all of the bequests in decedent's will. It was held, nevertheless, that the

widow was entitled, to the exclusion of the husband's estate, and we regard the decision there a controlling authority against the contentions of appellants in the present case.

Decree affirmed at the cost of appellants.