Gallagher Estate.

Argued May 21, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*F. Brewster Wickersham,* with him *Metzger & Wickersham,* for appellant.

*Mark T. Milnor,* with him *Elmer E. Erb,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 29, 1945:

The single question is whether an estate by the entirety may be severed and terminated by the husband by merely striking his wife's name from the savings account.

Decedent, the husband, opened a savings account in a trust company in his own name. Shortly thereafter he caused the account to be placed in the name of himself "or" his wife. The wife signed the signature card and the bank made the appropriate changes on its records and upon the deposit book. Ten years later the wife became insane and was committed to a state hospital where she is still confined. Within four months after the wife's commitment the husband caused his wife's name to be expunged from the savings account by the simple expedient of inducing the trust company to cancel and strike out her name from its records and the savings deposit book. The day following the alteration of the account the husband executed a will wherein his estate was given to the trust company, in trust, for the benefit of his wife for life and whatever remained of income and principal at her decease was bequeathed in thirds, one to a named niece of the wife, one to another named niece of the wife, and the remaining third to testator's nephew (appellant). The will provided that if either niece died in the widow's lifetime her share was to pass to the other niece, and if both nieces died then to the nephew; and if the nephew predeceased the widow, his share was to pass to the two named nieces of the

wife or to the survivor of them. Testator named the trust company as executor.

Upon the death of the husband an account was filed by the trust company as executor of his estate. The amount of the deposit above referred to was included as an asset of the estate. At the audit the trust company, as *guardian* of the insane wife's estate, presented its claim for the whole of the fund as the property of the wife as surviving tenant by the entirety. The court awarded this fund to the guardian of the insane wife.

When the husband changed his savings account to his name "or" that of his wife, an estate by the entirety was created: *Wilbur Tr. Co. v. Knadler,* 322 Pa. 17, 185 A. 319; *Madden v. Gosztonyi S. & T. Co.,* 331 Pa. 476, 200 A. 624; *Berkowitz's Estate (No. 1),* 344 Pa. 481, 26 A. 2d 296. It is immaterial that the funds formerly belonged to the husband and the wife made no deposits or withdrawals: *Bostrom v. Nat. Bk. of McKeesport,* 330 Pa. 65, 198 A. 644; *Geist v. Robinson,* 332 Pa. 44, 1 A. 2d 153; *Berkowitz's Estate (No. 1),* supra.

An estate by the entirety is a form of co-ownership in real and personal property held by a husband and wife with right of survivorship. Its essential characteristic is that each spouse is seized *per tout et non per my,* i. e. of the whole or the entirety and not of a share, moiety, or divisible part: *Gasner v. Pierce,* 286 Pa. 529, 134 A. 494; *Porobenski v. Amer. Alliance Ins. Co.,* 317 Pa. 410, 176 A. 205; *Madden v. Gosztonyi S. & T. Co.,* supra; *C. I. T. Corporation v. Flint,* 333 Pa. 350, 5 A. 2d 126.

It is well-established that an estate by the entirety may only be destroyed or terminated by the *joint* acts of husband and wife, and not by the act of one of them: *Thees v. Prudential Ins. Co.,* 325 Pa. 465, 190 A. 895; *Madden v. Gosztonyi S. & T. Co.,* supra; *Milano v. Fayette T. & T. Co.,* 96 Pa. Superior Ct. 310.

When the husband created the estate by the entirety he was without power to destroy and terminate it by merely causing his wife's name to be stricken from the

account. There is not the slightest evidence of the knowledge or consent of the wife concerning the husband's act; she was insane at that time and was therefore without capacity to consent, either expressly or impliedly. See: *Thees v. Prudential Ins. Co.*, supra; *Madden v. Gosztonyi S. & T. Co.*, supra.

According to a stipulation in the record, when the wife's name was stricken from the account on October 1, 1942, there was a balance of $21,784.31. From that date until the husband's death May 13, 1943, he made deposits and withdrawals from the account. At the death a balance of $21,234.31 remained in the account, which was therefore $550, less than at the date of the striking out of the wife's name therefrom. It is conceded that such withdrawals were for the use of both, and particularly for the expenses connected with the wife's hospitalization. Chief Justice KEPHART, in *Madden v. Gosztonyi S. & T. Co.*, supra, said (page 489): "The authorities . . . would seem to show that either spouse presumptively has the power to act for both, so long as the marriage subsists, in matters of entireties, without any specific authorization, provided the fruits or proceeds of such action inures to the benefit of both and the estate is not terminated. But neither may by such action destroy the true purpose of the estate by attempting to convert it or a part of it, in bad faith, into one in severalty.

"As stated, where the estate stands in the name of husband *and* wife there is no implication of agency to conclude the estate. Thus where a husband and wife hold a mortgage, the husband has no authority to take a deed to himself and in that way destroy the wife's interest in the mortgage: *Sparrow v. Mowers*, supra. Nor is there a presumption of agency in the wife to convey real estate held by entireties without the husband's joinder: *Thees v. Prudential Ins. Co.*, 325 Pa. 465. See *Schroeder v. Gulf Refining Co. (No. 1)*, 300 Pa. 397, where a release was given by the husband to the wrongdoer without the joinder of the wife.

"Where a deposit is made payable to either spouse, agency or authority exists by implication, and the husband or the wife may, from that authority, withdraw the entire account, but the money thus withdrawn *is impressed with the entirety provision that it is the property of both,* and any one dealing with such specific property as severalty, knowing it belongs to both, must submit to the consequences. However, the bank, acting in good faith, is protected when funds are withdrawn by either: *Berhalter v. Berhalter,* supra."

As the decedent created the estate by the entirety, and thereafter ineffectively attempted to terminate it, the incident of survivorship remained. Upon the husband's death the estate passed to the wife as survivor. The learned judge in the court below, in a well-considered opinion, correctly awarded this fund to the guardian of the insane widow.

As the trust company is before us in a fiduciary capacity we must note that its required acts as guardian and also as executor involve conflicting interests that should not be assumed by the same fiduciary. The conduct of the trust company in striking the wife's name from the account was unjustifiable; it was its duty as guardian to correct that wrong; the wrong was done at the request of the husband, whose conduct the trust company as executor was called on to defend. We must condemn the assumption of such inconsistent positions. As the facts are undisputed and the question one of law, and because the audit discloses that while the husband's estate is insolvent, due to administration expenses not having been met in full, there are no unpaid creditors, and therefore no harm has resulted.

The decree of the court below is affirmed at the cost of appellant.