## Halstrick v. Halstrick

*B. Cohen*, for exceptant.

*G. A. Troutman*, contra.

By OLIVER, P. J., and CRUMLISH, J., March 15, 1946.
—This opinion covers discussion of the merits of defendant's exceptions to the chancellor's conclusions of law in a proceeding in equity by a husband to recover from his wife certain securities and life insurance policies, which she removed from a safe deposit box at the time she left her husband, July 29, 1945, and came to Philadelphia to live.

The chancellor found that all the personal property taken by the wife except $200 United States savings bonds, series E, purchased by her with funds withdrawn from a joint account, belonged to the husband, and ordered her to deliver the same to her husband. No exception was taken to the order so to deliver the life insurance policies (Geary v. Geary, 338 Pa. 385 (1940)), but the wife did file exceptions to the chancellor's conclusions that the United States treasury bonds 2½ percent, series of 1967/1972, are the prop-

erty of the husband, and that $2,500 of the United States savings bonds, series E, are also the property of the husband.

*U. S. treasury bonds 2½ percent, series 1967/1972*

These are bearer bonds. The funds with which they were purchased came, originally, from the surrender of two life insurance policies on the life of the husband. The cash thus obtained was placed in a joint bank account of the husband and wife, where it reposed for a short time until drawn by the husband for the purchase of $2,500 U. S. savings bonds, series G, registered in the name of the husband. The husband redeemed the series G bonds and with the proceeds purchased the $2,500 U. S. treasury bonds 2½ percent, series 1967/1972. These were placed in the safe deposit box which stood in the name of the husband to which both husband and wife had access. The wife took these bonds with her at the time she left. We attach no significance to the fact that these bearer bonds were in a box to which both husband and wife had access: Wohleber's Estate, 320 Pa. 83 (1935).

In the absence of proof of a contrary intention, the deposit by the husband of money in a bank account in the names of husband and wife, or husband or wife, creates an estate by entireties: Sloan's Estate, 254 Pa. 346 (1916) ; Blick v. Cockins, 252 Pa. 56 (1916) ; Berhalter v. Berhalter, 315 Pa. 225 (1934). However, an estate by entireties may always be destroyed by agreement of the parties: Berhalter v. Berhalter, supra. Here, the wife knew that her husband had drawn the funds and had purchased the U. S. treasury bonds, series G, in his own name, with these funds, and, further, she knew that he later converted those bonds to the bearer bonds. She made no objection, although later on she took these bonds for herself. The joint account in the Roselle Park Trust Company was obviously the mere conduit through which the husband's

money passed, as a matter of convenience, after he converted his life insurance policies to cash and before he purchased the series G bonds with the proceeds. The wife acquiesced in the action of her husband, and, as a matter of fact, she used the same account as a depository for $300 of her separate funds which she withdrew as her own money at the time she left, and to which the husband concedes she is entitled. If, by reason of the fact that the money reposed for a short time in the joint account of the husband and wife, a tenancy by entireties of the fund was created, the actions of the parties show clearly an agreement to destroy that estate: Kauffman v. Stenger, 151 Pa. Superior Ct. 313, 315 (1943).

The exception to the second conclusion of law of the chancellor, and the order based thereon, should be dismissed.

### U. S. savings bonds, series E

These bonds were purchased in two ways: $2,500 were bought through payroll deductions by the husband's employer, from his earnings. The remaining $200 were purchased by the wife with funds withdrawn from the joint bank account of husband and wife in the Elizabeth National State Bank. All the bonds were bought in the name of "Herman J. Halstrick or Margaret T. Halstrick". These purchases of bonds in the name of the husband or wife created presumptively a tenancy by the entireties: Geist v. Robinson, 332 Pa. 44 (1938); Berhalter v. Berhalter, supra; Madden v. Gosztonyi Savings and Trust Co., 331 Pa. 476 (1938). The fact that all the funds going to make up the price of the $2,500 of these bonds, purchased by the husband, were exclusively earnings of the husband, is immaterial in determining whether these bonds are held by the entireties: Geist v. Robinson, supra; Berhalter v. Berhalter, supra; Loesch's Estate, 322 Pa. 105 (1935). Further, the use of the disjunctive, em-

ployed in the purchase of the bonds, accompanied by the right of either spouse to withdraw the fund (or here to present the bond for payment) does not alter the character of the estate: Madden v. Gosztonyi Savings and Trust Co., supra.

It is urged by plaintiff that the series E savings bonds constituted a direct contract between the Government and the purchaser. Plaintiff urges, also, that the Federal Government does not recognize the relationship of tenancy by the entireties. Admittedly, whatever contract exists between plaintiff and the Government is a Federal contract, controlled by Federal law: U. S. v. Dauphin Deposit Trust Co. (D. C. Pa., 1943) 50 F. Supp. 73, and the authorities there cited. The Second Liberty Bond Act, section 22, as added to February 4, 1935, sec. 6, 49 Stat. at L. 21, as amended February 19, 1941, c. 7, sec. 3, 55 Stat. at L. 7, etc., 31 U. S. C. A. 757(c), authorizes the Secretary of the Treasury to make the terms and regulations governing the issuance of such bonds and stamps. The Secretary of the Treasury has, from time to time, promulgated certain rules and regulations governing the issuance of United States savings bonds. See Department Circular, 530, 5th Revision, June 1, 1942, Part 315, 7 Fed. Reg. 5158, et seq. These regulations, being in the ambit of authority conferred upon him by Congress, have the effect of law: U. S. v. Janowitz, 257 U. S. 42. We may take notice of these regulations.

Turning to the regulations governing the issuance of series E bonds, we find that they may be issued only in three ways: (1) in the name of one person; (2) in the names of two, but not more than two persons, in the alternative as co-owners, for example: "John A. Jones or Mrs. Ella S. Jones". No other form of registration establishing co-ownership is authorized; (3) in the name of one person, payable on death to a designated beneficiary, one other person, for example:

"John A. Jones, payable on death to Miss Mary E. Jones." (See section 315.4.)

Plaintiff bought the bonds under the co-ownership form, (2) supra. As to the co-ownership form, the regulations further provide that, during the lives of both co-owners, the bond will be paid to either co-owner upon his separate request without requiring the signature of the other co-owner; and that, upon payment to one, the other co-owner shall cease to have any interest. It is provided that the bond will be paid upon the joint request of both co-owners. The bond must be surrendered in order to procure payment. The bond will not be reissued in any form during the lives of the co-owners, except to correct a mistake in or change of name, and except where there has been a valid judicial determination of interest or ownership as between owner and co-owner, in which latter case, ". . . the bond may be reissued in the names of the respective co-owners or the owner and the beneficiary to the extent of their respective interests as determined by such proceedings, . . ." (section 315.52, 7 Fed. Reg. 5165). As to survivorship, it is provided that if either co-owner dies before the bond is presented for payment, the surviving co-owner will be recognized as the sole and absolute owner of the bond, and payment will be made only to him.

It will thus be observed that, where a husband purchases savings bonds, series E, in his name and that of his wife, as co-owner, under the regulations of the Secretary of the Treasury, there is created an estate involving unity of interest, title, time and possession, with the right of survivorship, and it has been held under our State laws that where property is so taken and held, that is, in the name of husband and wife, or husband or wife, where these unities are present, the estate thus created is one by entireties: Klenke's Estate No. 1, 210 Pa. 572 (1905) ; O'Malley v. O'Malley, 272 Pa. 528 (1922). The incidents of ownership of

the bonds by the husband and wife, as co-owners, laid down in the Federal regulations are the same as those which create an estate by the entireties in our State law, and there is nothing in holding that the husband and wife own the property as tenants by the entireties which runs counter to the Federal regulations. The Federal regulations stop short of determining the interest and ownership as between co-owners. As a matter of fact, the determination of interest or ownership between owner, co-owner or beneficiary, where conflicting claims of ownership of or interest in a savings bond exist, is left to be determined by judicial proceedings: section 315.52, 7. Fed. Reg. 5165:

"Determination of interest as between owner and co-owner or beneficiary. Conflicting claims as to ownership of or interest in a savings bond, as between the registered owner and the co-owner, or the registered owner and a designated beneficiary may be determined by valid judicial proceedings, in which case the bond may be reissued in the names of the respective co-owners or the owner and the beneficiary to the extent of their respective interests as determined by such proceedings, but only in authorized denominations."

The determination of the ownership of property by a State court is controlling, and not being in conflict with the Federal regulations, is applied: Freuler, Admr., v. Helvering, Commissioner of Internal Revenue, 291 U. S. 35 (1934); Ervin v. Conn, 225 N. C. 267, 34 S. E. (2d) 402 (1945).

The conflicting claims here are between co-owners, who, in the contemplation of the Federal regulations stand in equal position. The contest is for the right of possession, as to which the Federal regulations are silent. Neither the husband nor the wife has a superior right to possession under the regulations, and what we are asked to do is decide as between husband and wife, which is entitled to possession. This is important, since the right to physical possession of the bonds carries with it the right to present them for

payment to the exclusion of the other co-owner. It might be remarked, here, that the right of either spouse to dispose of entirety property, without specific authority, must be exercised in good faith, and the proceeds would be impressed with the entirety provision that it is the property of both: Berhalter v. Berhalter, supra, at p. 228; Madden v. Gosztonyi Savings and Trust Co., supra.

We find this reasoning in accord with the decision of the Orphans' Court, Dauphin County, in the Estate of Henry S. Evans, no. 120, 1945, opinion by Richards, P. J., decided December 18, 1945, 114 L. I. 7. In that case, a tax case, bonds were registered in the names of "Henry S. Evans or Miss Georgina Evans Bevan" as co-owners, and at the time of death of Henry S. Evans, were found in the safety deposit box of the decedent. There it was decided that this form of registration did not constitute the co-owners, who were uncle and niece, joint tenants because no apt words to create a joint tenancy were employed; and that the use of the disjunctive "or" rather than "and" conflicted violently with the contention that they were tenants in common of the bonds. Contra, Prifer's Estate, 53 D. & C. 103 (1945), opinion by Gangloff, P. J., O. C., Schuylkill Co. Accordingly, since there was survivorship, it was decided the niece became the owner of the bonds at the precise moment of the death of Henry S. Evans. In discussing the rights of the co-owners, inter se, the court remarked that the only exception to the reasoning it employed to negate the contention of joint ownership or tenancy in common of the co-owners was the case of husband and wife. The marked differences between tenancy by the entireties and other forms of co-ownership renders comparisons imperfect: Madden v. Gosztonyi Savings and Trust Co., supra, at p. 482.

It is suggested that the husband, when he purchased the series E bonds through payroll deductions, did not

intend to create a tenancy by entireties, but considered the bonds to be his own. He testified that he purchased them in the co-owner form, because "in the event of death I wanted to have no complications at all. I wanted my wife to have my entire estate, with no complications. I considered the bonds purely my own while we were living together and in case of death I wanted my wife to have everything." It is doubtful that this later expression of a contrary intention can serve to destroy the estate which he created: Klenke's Estate, No. 1, supra, at p. 574; Geist v. Robinson, supra, at p. 47. But even assuming he wanted the bonds for himself and that he never intended them to be owned by his wife, along with him, as co-owners, during his lifetime, the Federal regulations expressly forbid the reissue of the bonds in any other form of ownership during the lives of both co-owners: See section 315.32(a), 7 Fed. Reg. 5163. Moreover, it is pointed out that had plaintiff desired to retain the bonds as his sole property as long as he lived and also provide that at his death the bonds would be paid over to his wife without complications, he could have used the third form of registration afforded by the regulations, commonly called the "donee beneficiary" form, for "beneficiary bonds". The incidents of such form make the bond payable to the registered owner during his lifetime upon his request. The bond will not be reissued during beneficiary's lifetime to eliminate beneficiary's name, but may be reissued to designate the beneficiary a co-owner. Should the beneficiary predecease the registered owner, the bond may be reissued generally. If the beneficiary survive the registered owner, the beneficiary will be recognized as the sole and absolute owner, and the bond will be paid only to him.

Plaintiff is an electrical engineer and a well-educated man. His testimony displays an intelligent and capable handling of his affairs. He must have known of the various ways of registration as to ownership, and must have decided to register the bonds in the man-

ner he did for the purpose of making himself and his wife the co-owners of the bonds. This very point was considered in Prifer's Estate, supra, at p. 107, holding that it was proper to assume the decedent was advised of the three ways to register savings bonds and the legal effect of each way. A presumption arises when a husband purchases property and puts it in the names of himself and his wife, and there is a heavy burden on the husband who seeks to overcome it: Wilbur Trust Co. v. Knadler, 322 Pa. 17, 21 (1936); Gassner v. Gassner, 280 Pa. 313 (1924).

Defendant's exception to the third conclusion of law of the chancellor, relating to the $2,500 United States savings bonds, series E, purchased by the husband through payroll deductions by his employer, and the order based thereon, is therefore sustained. For the reasons given above the fourth conclusion of law of the chancellor, relating to the $200 United States savings bonds, series E, purchased by the wife with funds drawn from their joint bank account, should also be modified. Paragraph three of the decree nisi will accordingly be modified as shown below.

### Final decree

And now, March 15, 1946, upon consideration of the foregoing case, it is ordered, adjudged, and decreed as follows:

1. Defendant shall forthwith deliver to her husband, plaintiff, the three life insurance policies now held by her, belonging to plaintiff, the policy numbers, and the names of the insurers, being as set forth in the pleadings in this cause.

2. Defendant shall forthwith deliver to her husband, the plaintiff, the $2,500 United States treasury 2½ percent bonds, series of 1967/1972, which she removed from his possession without his knowledge or consent on or about July 25, 1945, the same to have affixed thereto the same coupons which were affixed

thereon at the time the same were taken by defendant into her possession.

3. Defendant shall forthwith deliver to Glenn A. Troutman, Esq., attorney for plaintiff, and Barnett Cohen, Esq., attorney for defendant, the said $2,700 United States savings bonds, series E, as receivers, to hold said bonds until title and ownership thereof shall vest in the survivor of the parties hereto as tenants by the entireties, or until such time as the parties hereto shall amicably agree in writing to the termination of said estate by the entireties and to the distribution of said bonds, or until further order of court.

4. Defendant is perpetually enjoined from negotiating, transferring, redeeming, or otherwise disposing of the aforesaid United States bonds, other than herein provided.

5. Defendant shall pay the costs of these proceedings.

Editorial note: Subsequent to the entry of the foregoing, the parties, with approval of the court, stipulated:

May 16, 1946—Stipulation of parties and approval of court "That the final decree of the court dated March 15, 1946, be amended and changed to provide for the equal distribution of the series "E" bonds between the plaintiff Herman J. Halstrick and the defendant Margaret T. Halstick, each party to receive $1,350, face amount of the said series "E" bonds, distribution to be made as equally as possible in accordance with the maturity dates of said bonds. It is further stipulated and agreed between the parties, subject to the approval of the court, that the provisions of the decree of March 15, 1946, providing for the temporary appointment of Glenn A. Troutman and Barnett Cohen as receivers of the said series "E" bonds be terminated and the said attorneys discharged from all obligation to receive and administer the said securities.