### In re SMULYAN.
### No. 10687.

United States District Court
M. D. Pennsylvania.
July 26, 1951.

Charles L. Casper, Wilkes-Barre, Pa., John L. Bigelow, Hazleton, Pa., for trustee.

Israel T. Klapper, Hazleton, Pa., for bankrupt.

Frank J. Gormley, Hazleton, Pa., for Hazleton Nat. Bank and Mrs. Marion Smulyan.

Frederick R. Gallagher, Wilkes-Barre, Pa., trustee.

WATSON, Chief Judge.

This is a Petition for Review of the Referee's Order denying Trustee's petition for an order directing the Hazleton National Bank of Hazleton, Pennsylvania, to turn over certain personal property to the Trustee in Bankruptcy.

Frederick R. Gallagher, Trustee of the Estate of Harry Y. Smulyan, Bankrupt, presented to the Referee in Bankruptcy a Petition to Direct Surrender of Property, alleging therein that the bankrupt was the owner of certain United States Savings Bonds, Series "E", purchased prior to March 9, 1948, all of which were made payable to "Harry Y. Smulyan or Mrs. Marion Smulyan"; that on various dates prior to March 9, 1948, the bankrupt endorsed the bonds and deposited them with the Hazleton National Bank in an attempt to pledge or hypothecate them as collateral for loans made from the said bank to the bankrupt; that after the filing of the Involuntary Petition in Bankruptcy on June 2, 1950, and the adjudication of bankruptcy on June 5, 1950, the bank cashed or redeemed said bonds and applied the proceeds against the balance of the bankrupt's unpaid loans. The trustee contends that the bonds, or the proceeds thereof, are the property of the bankrupt estate and that the bank should be directed to surrender these bonds or their proceeds to the trustee for the benefit of the estate.

The Referee in Bankruptcy denied the petition on the ground that the bonds were held by the bankrupt and his wife as tenants by the entirety and consequently formed no part of the estate of the bankrupt. The trustee now has filed this Petition for Review of the Referee's Order.

The primary and controlling question in the case is whether the bonds in dispute, issued in the names of "Harry Y. Smulyan or Mrs. Marion Smulyan", were owned by them as tenants by the entirety. If the bonds were held by the entirety, and such estate was not terminated, it is clear that the bonds are not part of the bankrupt's estate.

The question involved has not been determined by the appellate courts of Pennsylvania, but a number of the lower courts in Pennsylvania have ruled on the question. A majority of the lower courts deciding the question have held that a tenancy by the entireties is created when United States Savings Bonds are issued in the names of "Husband or Wife".[1] Two of the lower courts, however, have held that ownership of these bonds cannot be held by the entirety in Pennsylvania.[2]

In Yocum v. Yocum, 46 Schuyl.Leg.Reg. 164, wherein the court held that ownership

1. Bowie Estate, 1950, 73 Pa.Dist. & Co. R. 264; Halstrick v. Halstrick, 1946, 56 Pa.Dist. & Co.R. 349; Moyer v. Moyer, 1946, 39 Luzerne Leg.Reg. 223; Fox v. Fox, 1946, 26 Wash. 171, 173; Commonwealth of Pa. v. Long, 1945, 28 West. 11.

2. Yocum v. Yocum, 1951, 46 Schuyl.Leg. Reg. 164; Ruben v. Ruben, 1947, 95 Pittsb.Leg.J. 65.

of these bonds cannot be held by the entirety, the court stated: "It is evident from the Federal Regulations that the bonds do not have the normal incidents of an estate by the entireties because either coowner by receiving payment can defeat the right of the other person who then ceases to have any interest in the bond."

The above court overlooked the fact that the Pennsylvania Supreme Court has repeatedly held that where money is deposited in the name of "Husband and Wife" or "Husband or Wife", using both names, or securities are held in the same manner, a tenancy by the entireties is created in the money[3] and the securities,[4] and the fact that either spouse has the power to withdraw funds or convert securities into cash does not alter the character of the estate. The money thus withdrawn is impressed with the entirety provision that it is the property of both.[5]

■ This Court cannot, therefore, state that a United States Savings Bond, Series "E," registered in the name of "Husband or Wife" is not held by them as tenants by the entirety merely because it is payable to either of the inscribed owners.

In Ruben v. Ruben, 95 Pittsb.Leg.J. 65, the court also refused to find that the husband and wife held the bonds as tenants by the entirety on the theory that the regulations of the Treasury Department governing United States Savings Bonds have the force of law and supersede the laws of the Commonwealth of Pennsylvania insofar as this particular type of property is concerned, and a Savings Bond is to be differentiated from a bank account standing in the name of "Husband or Wife".

It is true that the rights of the owners of these bonds under Pennsylvania law are superseded by the Federal law to the extent that the rights under Pennsylvania law are inconsistent with the Federal law or regulations promulgated by the Secretary of the Treasury. United States v. Dauphin Deposit Trust Co. et al., 1943, D.C.M.D. Pa., 50 F.Supp. 73. We may take notice of these regulations.

The regulation governing the issuance of Series "E" bonds provides that they may be issued only in three ways:[6]

(1) *One person.* In the name of one person, for example: "John A. Jones".

(2) *Two persons; coownership form.* In the names of two (but not more than two) persons in the alternative as coowners, for example:
John A. Jones or Mrs. Ella S. Jones
No other form of registration establishing coownership is authorized.

(3) *Two persons; beneficiary form.* In the name of one (but not more than one) person, payable on death to one (but not more than one) other person, for example: John A. Jones, payable on death to Miss Mary E. Jones.

Mr. and Mrs. Smulyan bought the bonds under the coownership form (2) supra. As to the coownership form, the regulations further provide that during the lives of both coowners, the bond will be paid to either coowner upon his separate request without requiring the signature of the other coowner; and upon payment to either coowner the other person shall cease to have any interest in the bonds.[7] As to survivorship, it is provided that if either coowner dies without having presented and surrendered the bond for payment or authorized reissue, the surviving coowner will be recognized as the sole and absolute owner of the bond and payment or reissue, as though the bond were registered in his name alone, will be made only to such survivor.[8]

As was stated in Halstrick v. Halstrick, 56 Pa.Dist. & Co.R. 349, "It will thus be observed that where a husband purchases Savings Bonds, Series "E", in his name and that of his wife, as coowners, under the regulations of the Secretary of the Treas-

---

3. In re Gallagher's Estate, 1945, 352 Pa. 476, 43 A.2d 132; In re Berkowitz's Estate (No. 1), 1942, 344 Pa. 481, 26 A.2d 296; Berhalter v. Berhalter, 1934, 315 Pa. 225, 173 A. 172.

4. Wilbur Trust Co. v. Knadler, 1936, 322 Pa. 17, 185 A. 319.

5. In re Gallagher's Estate, supra; Geist et al. v. Robinson, 1938, 332 Pa. 44, 1 A. 2d 153; Berhalter v. Berhalter, supra.

6. "31 C.F.R. 315.4."

7. "31 C.F.R. 315.45(a)."

8. "31 C.F.R. 315.45(c)."

ury, there is created an estate involving unity of interest, title, time and possession, with the right of survivorship, and it has been held under our State laws, that where the property is so taken and held, that is, in the name of "Husband and Wife", or "Husband or Wife", where these unities are present, the estate thus created is one by entireties. In re Klenke's Estate No. 1, 1905, 210 Pa. 572, 60 A. 166. The incidents of ownership of the bonds by the husband and wife, as co-owners, laid down in the Federal Regulations are the same as those which create an estate by the entireties in our State law, and there is nothing in holding that the husband and wife own the property as tenants by the entirety which runs counter to the Federal Regulations."

Having determined that the bonds were initially held by the bankrupt and his wife as tenants by the entirety, it is necessary to determine whether this estate was ever destroyed in such a manner as to vest ownership of the bonds, or the proceeds thereof, in the bankrupt as an individual.

 It is the contention of the trustee that the estate by the entireties was terminated when the bonds were endorsed by the bankrupt and pledged as collateral for his personal debt. A tenancy by the entirety may be terminated by agreement between the parties, but such was not present here. Though the wife agreed to have the bankrupt pledge the bonds as security for his loans, it does not follow that she agreed to give up her interest in the bonds.

A tenancy by the entirety may also be terminated by the fraudulent withdrawal of the corpus of the funds for the exclusive use of one and for the purpose of depriving the other of any use thereof or title thereto. Berhalter v. Berhalter, supra. In the instant case there is no evidence that the bankrupt was guilty of any misappropriation of the funds, in fact the bankrupt's wife agreed to the pledge of the bonds.

The trustee further relies on the theory that the bonds were all purchased with the bankrupt's funds and, therefore, to relieve the transaction from the taint of "constructive fraud", the wife had to show her husband's debts were not out of proportion to his estate at the time of purchase. Though it is true that the wife may have such a burden placed upon her where the husband was heavily indebted at the time of purchase,[9] the trustee has presented no evidence of heavy indebtness at the time the bonds were acquired which would support an inference of "constructive fraud" in the purchase of these bonds.

Having found that the bonds were held by the bankrupt and his wife as tenants by the entirety, and that such estate was not terminated at any time, the bonds or their proceeds clearly were never part of the bankrupt's estate. The bonds not being a part of bankrupt's estate, it is unnecessary for this Court to determine the validity of the pledge of the bonds as security for the bankrupt's personal debts.[10]

An order denying the petition of the trustee will be filed herewith.

---

9. Shaver v. Mowry, 1918, 262 Pa. 381, 105 A. 505.

10. "31 C.F.R. 315.11"—" * * * A savings bond may not be hypothecated or pledged as collateral for a loan or used as security for the performance of an obligation, except as provided in Section 315.12."