LEON LEVY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 109393. Promulgated February 18, 1943.

*Louis Levinson, Esq.*, and *Isaac D. Levy, Esq.*, for the petitioner. *Harry L. Brown, Esq.*, for the respondent.

# 600

TYSON, *Judge:* The issue is whether the gift by petitioner to his wife for Lynne Frances comes within the $4,000 gift tax exclusion under section 504 (b) of the Revenue Act of 1932, as amended by section 505 (a) of the Revenue Act of 1938.[1]  Petitioner contends that the gift in question was not in trust, but an outright gift of a present interest to Lynne Frances, and therefore came within the gift tax exclusion.  Respondent, on the other hand, contends that the gift did not come within the gift tax exclusion, because it was a transfer in trust.  In the alternative, respondent claims that regardless of legal nomenclature the interest of Lynne Frances in the property, if directly given her by the petitioner, was the gift of a future interest which would place it without the gift tax exclusion.

We first decide whether the transfer in question constituted a trust.  American Law Institute, Restatement of the Law, Trusts, p. 6, § 2, defines a trust as follows:

\* \* \* a fiduciary relationship with respect to property, subjecting the person by whom the property is held to equitable duties to deal with the property for the benefit of another person, which arises as a result of a manifestation of an intention to create it.

---

[1] SEC. 505. COMPUTATION OF NET GIFTS.

\*           \*           \*           \*           \*           \*           \*

(b) GIFTS LESS THAN $4,000.—In the case of gifts (other than gifts in trust or of future interests in property) made to any person by the donor during the calendar year, the first $4,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

Scott on Trusts, vol. 1, § 2.3, says, in describing the characteristics of a trust:

\* \* \* it is a relationship of a fiduciary character; \* \* \* with respect to property, \* \* \*; it involves the existence of equitable duties imposed upon the holder of the title to the property to deal with it for the benefit of another; and \* \* \* it arises as a result of a manifestation of intention to create the relationship.

Looking to the terms of the trust instrument under which the gift in question was made, we see that the petitioner transferred 165 shares of stock of Columbia Broadcasting System, Inc., to his wife, Blanche P. Levy, for Lynne Frances. Blanche P. Levy accepted the property "with the usual incidents of a trusteeship" and agreed to transfer the stock, or such other certificates as might be issued to her for such stock, together with accumulations thereon, to Lynne Frances upon her reaching majority. Thus the trust instrument itself indicates a fiduciary relationship with respect to specific property, with equitable duties imposed upon Blanche P. Levy to deal with the property for the benefit of Lynne Frances.

According to the authorities above cited, another necessary element in the creation of a trust is that the grantor manifest an intention to do so. While it may be assumed, without so deciding, that the quoted words in the trust instrument, as well as other provisions thereof, may not be a clear manifestation of an intention to create a trust (see *Wilbur Trust Co.* v. *Knadler*, 322 Pa. 17, 185 Atl. 319; Scott on Trusts, vol. 1, § 24), there is extrinsic evidence to indicate such intention. On December 23, 1936, the petitioner made a transfer to his wife which was unambiguously in trust for his son, Robert. Referring to the gift to Lynne Frances in connection with the gift of December 23, 1936, petitioner testified, "I intended to make a gift to my daughter in the same manner I made the gift to my son." Petitioner also testified that he intended Blanche P. Levy to have the discretion of determining whether or not to use the income from the stock for the maintenance of Lynne Frances, who at the time of the gift made in the taxable year was two and one-half years old. Blanche P. Levy, a party to the agreement, also considered herself to have such discretion. Blanche P. Levy testified that she meant by the abbreviation "tr," which she placed after her signature on a copy of the trust agreement, "in trust for." She also testified that she interpreted the provisions of the gift instrument to the effect that "Blanche P. Levy hereby accepts the said gift with the usual incidents of a trusteeship" to mean "that I am holding this money in trust for my daughter to use as I feel she needs it or to see fit to use it for."

In view of this evidence and the whole record, it is our opinion that petitioner manifested an intention to create a trust in executing the instrument of November 20, 1939.

Petitioner reasons that, since he intended the gift to come within the amount of the gift tax exclusion, it follows that he did not intend to create a trust. Even assuming that the intention to have the gift fall within the pecuniary limit of the gift tax exclusion is some evidence that petitioner did not intend to create a trust, we believe that such evidence is far outweighed by the other evidence to the contrary. Accordingly, we hold that the transfer by the petitioner to Lynne Frances constituted a trust and therefore did not fall within the gift tax exclusion under section 504 (b) of the Revenue Act of 1932, as amended by section 505 (a) of the Revenue Act of 1938.

In view of our above holding, it is unnecessary to decide whether the gift constituted a transfer of a present or a future interest.

*Decision will be entered for the respondent.*