## Inman v. Wasler

*Husband*

*Lawrence M. Sebring*, for plaintiff.
*John C. Stern*, for defendant.

SOHN, J., November 26, 1946.—A bill of complaint in equity was filed by Mildred M. Inman, formerly Mildred M. Wasler, against George Wasler. It is averred in the bill and admitted in the answer that plaintiff and defendant were married January 16, 1936, and that at no. 236 March term, 1946, a decree in divorce was entered divorcing Mildred M. Wasler, libellant, and George Wasler, respondent, and awarding Mildred M. Wasler costs of said divorce action; that by deed dated February 24, 1939, George Wasler

and Mildred Marie Wasler became owners as tenants by the entireties of Lot No. 45 in McCoy Heights plan of lots, situate in Hopewell Township, in this county; that about a year prior to the filing of the bill, plaintiff and defendant became owners as tenants by the entireties of one and one half acres of land in Hopewell Township, abutting on the south end of said Lot No. 45 in the McCoy Heights plan. It is alleged in the bill that defendant retained in his possession and did not enter of record the deed for the one and one half acre tract of land and therefore plaintiff is unable to obtain a description of said land. In the answer it is denied that plaintiff was unable to obtain a description of the land, and it is alleged that she did not make any request upon defendant for the description of said land.

Subsequently plaintiff filed an amendment to the bill of complaint, in which it is averred that the deed for the second tract of land was entered of record August 24, 1946, and the full description of this tract of land is made a part of the bill of complaint.

It is averred in the bill of complaint and admitted in the answer that the land is subject to a lien of the Commonwealth v. George Wasler, at no. 149, June term, 1943, in the amount of $100, and a judgment of Mildred M. Wasler v. George Wasler, at no. 256, March term, 1946, in the amount of $82, costs in the divorce action.

It is further alleged in the answer that there is due the Ohio Valley Lumber Company, of Ambridge, Pa., a bill, in the amount of $52 for lumber used for the construction of a dwelling on the premises, and that this is a joint obligation of plaintiff and defendant.

In the complaint, it is averred that plaintiff is entitled to partition of the land, and it is requested that the share or portion to which plaintiff is entitled be set out to her and that all proper and necessary sales of real estate be made. Defendant denies that plain-

tiff is entitled to any share or portion of the real estate, and denies that plaintiff is entitled to the relief prayed for. The prayer of the bill now pertinent to this proceeding is: (1) That defendant be required to answer; (2) that partition of the real estate be decreed and that the court appoint a trustee to make public sale of the property; (3) on confirmation of such sale, direct that the proceeds, after payment of expenses, be equally divided between plaintiff and defendant, subject to the deduction of liens entered generally against plaintiff and defendant, together with interest and costs and of any liens entered of record against either plaintiff or defendant from the share of the party against whom such lien is filed.

In further answer to the bill of complaint, defendant alleges that he had accumulated large sums of money in cash and war bonds, that he entrusted these funds to plaintiff and it was intended that she keep them in a safe deposit box in an Ambridge bank, that plaintiff appropriated to her own use, approximately $11,000 in war bonds, and $3,000 in cash. Defendant prays that plaintiff be made to account to defendant for all the war bonds and cash, and that the amount due and owing to defendant become a lien against plaintiff's share of the property described in the bill of complaint and such other and further relief to which defendant may be entitled.

Plaintiff filed preliminary objections to defendant's answer, alleging: (1) In the sixth paragraph of the answer the facts are so insufficiently averred that they do not constitute a complete answer to the averments of the sixth paragraph of plaintiff's bill; (2) that the averment in the seventh paragraph relative to the claim of the Ohio Valley Lumber Company is insufficiently averred, in that it does not show the date when the lumber was furnished, nor set forth whether the claim is a joint lien against the property owned

by plaintiff and defendant as tenants by the entireties, and (3) that defendant's allegations as to cash and war bonds are irrelevant and even if true, that plaintiff has a full and adequate remedy at law and such averments should therefore be stricken from the answer.

When the answer to a bill in equity is insufficient, the proper practice is to file objections to it. Provision is made for preliminary objections to a replication in equity, rule 55, as follows:

"If—plaintiff's reply to new matter (in defendant's answer) is defective or insufficient for any of the reasons specified in Rule 48, objections may be made thereto, and like proceedings had, like orders made, and like penalties imposed, as under the same character of objections to the bill."

The first objection relates to the deed for the tract of land containing one and one half acres. Since defendant has entered the deed for this tract of land of record, this matter is no longer before the court.

The next objection avers that there is an insufficient allegation of the claim of the Ohio Valley Lumber Company for $52. The act of assembly provides for the deduction of any lien entered of record. There is no authority in the act authorizing the payment of this claim, which is not a lien of record. Claimant, the Ohio Valley Lumber Company, may proceed against either or both the parties, depending upon who is indebted to it. We therefore conclude there is no authority in the law for the payment of this claim in these proceedings.

The third objection relates to the claim of defendant against plaintiff for approximately $11,000 in war bonds, and $3,000 in cash, allegedly accumulated by defendant during the time the parties were married, and alleged to have been delivered to plaintiff to be retained in a safe deposit box. Plaintiff contends that

this claim is irrelevant and even if the averments of fact are true, defendant has a full and adequate remedy at law. We are of the opinion that there is no authority in the law under which plaintiff filed the bill in equity whereby we can consider this matter raised by defendant.

The Act of May 10, 1927, P. L. 884, sec. 3, provides:

"In any case where a husband and wife shall hereafter acquire property as tenants by entireties, and shall be divorced, the interest of each of the respective tenants by entireties, subsequent to said divorce, shall be conclusively deemed to be one-half of the value of the property, and, to accomplish the provisions of this act, the common-law rule relating to entireties is hereby modified. The proceeds of any sale had under the provisions of this act, after the payment of the expenses thereof, shall be equally divided between the tenants by entireties, subject, however, to the deduction therefrom of the amount of any lien entered of record jointly against both of the respective tenants by entireties, together with any interest due thereon and docket costs, which shall be paid by the trustee appointed by the court to make sale of such property to the person or persons to whom the same is due and payable; and the amount of any liens entered of record against either of such tenants by entireties, together with interest due and costs taxed thereon, shall be deducted from the share of the tenant by entireties against whom such lien is filed, and paid by such trustee to the person or persons to whom the same is due and payable: Provide, however, That no decree of divorce as aforesaid shall be effective to change the existing law relating to liens upon property held by tenants by the entireties, except a decree of divorce that is valid in this Commonwealth, and not until the said decree of divorce, or a certified copy thereof, shall be recorded in the office of the recorder of deeds of the county where

the property is situate, which decree shall be indexed in the grantor's index against each of the said tenants by the entireties."

In the case of Reitz v. Reitz, 5 Fayette 143, in interpreting the Act of 1927, the court said (p. 144):

"The securities with which we are here concerned were acquired by the husband and wife as tenants by entireties: Wilbur Trust Co. v. Knadler, 322 Pa. 17; Madden v. Gosztonyi S. & T. Co., 331 Pa. 476. The interest of each tenant was therefore held subject to the terms of the Act of May 10, 1927, P. L. 884, the third section of which (68 PS 503) provides that 'In any case where a husband and wife shall hereafter acquire property as tenants by entireties, and shall be divorced, the interest of each of the respective tenants by entireties, subsequent to said divorce, shall be conclusively deemed to be one-half of the value of the property, and, to accomplish the provisions of this act, the common-law rule relating to entireties is hereby abolished.' The word 'conclusively' in this context must be understood as requiring an irrefutable inference of equality of common ownership, both legal and equitable. It closes the door to controversy, shutting out all issues of fact tendered to defeat her right to have the estate liquidated and the proceeds divided: Heffelfinger v. Heffelfinger, 43 Dau. 230."

Likewise, in the case of Heffelfinger v. Heffelfinger, 43 Dauphin 230, it was held (p. 232):

"Upon due consideration of this section, we are of the opinion that the purpose of this act was to avoid issues of fact such as are raised in this case and the word conclusively is used with the intent of putting to an end the raising of such issues of fact, otherwise it is meaningless.

"Wherefore we are of the opinion that we cannot go into the disputed facts as raised by the defendant and plaintiff and that the plaintiff is entitled to have partition made."

Upon consideration of the act of assembly and the decisions heretofore referred to, we conclude that the preliminary objections to defendant's answer should be sustained.

### Order

And now, to wit, November 26, 1946, it is ordered and decreed that the preliminary objections to defendant's answers are hereby sustained.